UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | 5:02-CR-23-001 |
| § | |
| BENNIE BROWN § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On November 21, 2005, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Wayne Dickey.

Bennie Brown ("the defendant") was sentenced on July 21, 2003, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of bank fraud, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of IV, was 21 to 27 months. The defendant was subsequently sentenced to 24 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include that he shall pay the financial penalty, make financial disclosure, obtain no new credit, participate in alcohol aftercare and drug aftercare, make $2,445.87 in restitution, and pay a $100 special assessment. On May 10, 2005, the defendant completed his period of imprisonment and began service of the supervision term.

In its petition to revoke, the Government alleges the defendant violated the following conditions:

1) Defendant shall refrain from any unlawful use of a controlled substance. Specifically, the

Government alleges on July 13, 2005, Mr. Brown submitted a urine specimen that tested positive for the use of PCP.  On July 14, 2005, Mr. Brown admitted to knowingly using marijuana on or about July 10, 2005, but did not knowingly use PCP.  The Government further alleges on August 29, 2005, Mr. Brown submitted a urine specimen that tested positive for the use of cocaine.  Mr. Brown admitted to said use on September 6, 2005.  The Government further alleges on September 23, 2005, Mr. Brown submitted a urine specimen that tested positive for the use of cocaine, and on October 6, 2005, Mr. Brown admitted to said use.  Finally, the Government alleges on October 11, 2005, Mr. Brown submitted a urine specimen that tested positive for the use of cocaine.

2) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.  Specifically, the Government alleges Mr. Brown did not attend his outpatient substance abuse treatment program on October 3rd, 4th, 5th, 7th, and 10th, 2005.  Mr. Brown did not have permission to not attend these meetings.

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.  Specifically, the Government alleges on October 11, 2005, Mr. Brown was asked why he had not attended his outpatient substance abuse treatment program as instructed.  Mr. Brown responded stating that his work schedule had changed and he was unable to attend.  Mr. Brown was informed that the U.S. Probation Office had already called his employer and verified that his work schedule had not changed.  Mr. Brown then admitted to lying to the Probation office.

The Court scheduled a revocation hearing November 21, 2005.  At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, the defendant pled

true to the allegations as set forth above. Based upon the defendant's plea of true to the allegations and with no objection by the defendant or the Government, the Court found the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. The Court found that the defendant possessed cocaine, PCP, and marijuana through their respected use.

The Court thereafter recommended that the term of supervised release be revoked and the sentence be imposed as follows:  Pursuant to the Sentencing Reform Act of 1984, it is the recommended judgment of the Court that the defendant, Bennie Brown, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months and one day. The Court recommends the Court request the Bureau of Prisons designate FCI Seagoville for service of sentence. The Court recommends that the defendant participate in drug treatment while incarcerated.

The Court further recommends upon release from imprisonment, the defendant shall be placed on supervised release for a term of 24 months with the following conditions:  Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance. The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. The defendant shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall pay any financial penalty that is imposed by this judgment, and that

remains unpaid at the commencement of the term of supervised release. The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his efforts to maintain lawful employment and his ability to pay the financial penalty. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least ten percent of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from income tax returns, inheritances, non-recurring bonuses, and lawsuit awards must be paid toward the unpaid restitution balance within fifteen days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710. The defendant shall participate in a program of testing and treatment for drug and or alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

Finally, the Court recommends that all criminal monetary penalties are imposed in this revocation as previously ordered in the final judgment and that all payments collected will be credited towards outstanding balances. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that the defendant, Bennie Brown, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months and one day. The Court recommends the Court request the Bureau of Prisons designate FCI Seagoville for service of sentence. The Court recommends that the defendant participate in drug treatment while incarcerated. It is further

**RECOMMENDED** that upon release from imprisonment, the defendant be placed on supervised release for a term of 24 months with the following conditions: Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance. The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. The defendant shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release. The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his efforts to maintain lawful employment and his ability to pay the financial penalty. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full. The Court orders the restitution payments to begin immediately. Any amount that remains

unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least ten percent of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from income tax returns, inheritances, non-recurring bonuses, and lawsuit awards must be paid toward the unpaid restitution balance within fifteen days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710. The defendant shall participate in a program of testing and treatment for drug and or alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. It is further

**RECOMMENDED** that all criminal monetary penalties be imposed in this revocation as previously ordered in the final judgment, and that all payments collected be credited towards outstanding balances.

The parties were informed of the right to file objections to the recommendations as set forth above.

**SIGNED this 28th day of November, 2005.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE