UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:02-CR-23(1) |
| | § | |
| BENNIE BROWN | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On January 7, 2008, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Denise Simpson. Defendant was represented by Howard Mowery.

Bennie Brown ("the defendant") was sentenced on July 21, 2003, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of bank fraud, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years followed by 5 years of supervised release. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of IV, was 21 to 27 months. The defendant was subsequently sentenced to 24 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include that he shall pay the financial penalty, make financial disclosure, obtain no new credit, participate in alcohol aftercare and drug aftercare, make $2,445.87 in restitution, and pay a $100 special assessment.

On May 10, 2005, the defendant completed his period of imprisonment and began service of the supervision term. The defendant's term of supervised release was revoked on December 19, 2005, and he was sentenced to 24 months imprisonment followed by a 24 month term of supervised release. On September 8, 2006, the defendant completed his term of imprisonment and began

service of the subsequent supervision term.

In its petition to revoke, the Government alleges the defendant violated the following conditions:

1) Defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows. On July 22, 2007, Bennie Brown was arrested by the Morris County Sheriff's Department and charged with the State Jail Felony offense of Possession of a Controlled Substance less than 1 gram.

2) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Specifically, the Government alleges as follows. Bennie Brown failed to notify the U.S. Probation Officer within seventy-two hours of his arrest for the felony offense of possession of a controlled substance which occurred on July 22, 2007, in Morris County, Texas.

3) Defendant shall participate in a program of testing and treatment for drug and or alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Specifically, the Government alleges as follows. Bennie Brown failed to submit urine specimens at the designated drug testing site on, March 18, 2007; March 23, 2007; June 14, 2007; June 20, 2007; July 12, 2007; and July 16, 2007.

4) Defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release. Specifically, the Government alleges as follows. Bennie Brown failed to make restitution payments as directed by the probation officer for the months of January, February, March, and April 2007.

The Court scheduled a revocation hearing January 7, 2008. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, the defendant pled true to the first two allegations as set forth above. Based upon the defendant's plea of true to the first two allegations and with no objection by the defendant or the Government, the Court found the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence be imposed as follows:  Pursuant to the Sentencing Reform Act of 1984, it is the recommended judgment of the Court that the defendant, Bennie Brown, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve months with no term of supervised release to follow said term of imprisonment.

The Court further recommended that Defendant be ordered to pay the remaining restitution obligation of $2,020.87. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710.

Finally, the Court recommends that it be ordered that all criminal monetary penalties are imposed in this revocation as previously ordered in the final judgment and that all payments collected will be credited towards outstanding balances.  Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the first two allegations as set forth in the Government's petition be **ACCEPTED**.  Further, it is

**RECOMMENDED** that the defendant's supervised release be **REVOKED**.  Further, it is

**RECOMMENDED** that the defendant, Bennie Brown, be committed to the custody of the

Bureau of Prisons to be imprisoned for a term of twelve months with no term of supervised release to follow said term of imprisonment. It is further

**RECOMMENDED** that Defendant be ordered to pay the remaining restitution obligation of $2,020.87. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710. It is further

**RECOMMENDED** that all criminal monetary penalties be imposed in this revocation as previously ordered in the final judgment, and that all payments collected be credited towards outstanding balances.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED** this 7th day of January, 2008.

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE